**Luce HASA, Agostin Hasa, Kristiana Hasa, Petitioners,**

v.

**Alberto R. GONZALES, United States Attorney General, Respondent.**

Nos. 05–4618–ag, 05–4623–ag.

United States Court of Appeals, Second Circuit.

Aug. 14, 2006.

Gregory Marotta, Belle Mead, New Jersey, for Petitioners.

Jonathan S. Gasser, United States Attorney for the District of South Carolina, Barbara M. Bowens, Assistant United States Attorney, Columbia, South Carolina, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. SONIA SOTOMAYOR, Hon. B.D. PARKER, Circuit Judges.

## SUMMARY ORDER

Petitioner Agostin Hasa, along with his family, Luce and Kristiana Hasa, all natives and citizens of Albania, petition for review of an August 8, 2005 order of the BIA affirming the August 11, 2004 decision of Immigration Judge ("IJ") Gabriel C. Videla ordering their removal to Albania and denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Agostin Hasa*, No. A75 955 159 (BIA Aug. 8, 2005), *aff'g* No. A75 955 159 (Immig. Ct. N.Y. City Aug. 11, 2004). We assume the parties' familiarity with the facts and procedural history of the case.

We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See, e.g., Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). Despite some errors by the IJ, we believe the IJ's finding of lack of credibility to be supported by substantial evidence, and we are confident that the agency would come

to the same conclusion were we to remand, thereby rendering remand futile. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 159–165 (2d Cir.2006); *cf. Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 395, 406 (2d Cir.2005). Because the Hasas did not raise the issue of CAT before the BIA, they failed to satisfy, with respect to that claim, the statutory exhaustion requirement upon which our jurisdiction is predicated, and the claim is also waived. *See* 8 U.S.C. § 1252(d)(1); *Gill v. INS*, 420 F.3d 82, 86 (2d Cir.2005).

For these reasons, the petitions for review are DENIED. The pending motion for a stay of removal is DENIED as moot.